Edward V. Hanrahan, U. S. Atty., and Rita M. Kopp, Asst. U. S. Atty., for respondent U. S. Dept. of Agriculture, Farmers Home Administration.

**In the Matter of Raymond A. BURKHOLDER, Bankrupt.**

**Perry G. KOPPEIN, Trustee, Applicant,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, FARMERS HOME ADMINISTRATION, Respondent.**

**No. 64 B 184.**

United States District Court
N. D. Illinois, W. D.

April 7, 1965.

WILL, District Judge.

The instant controversy is before the court on the petition of the United States Department of Agriculture, Farmers Home Administration (hereinafter, the United States) to review the order of Referee Sherwood Dixon with respect to a Petition for Turnover of Assets filed by the trustee for the bankrupt estate. The referee found that the United States received $8,907.84 in payment of a secured claim following a public sale of certain property owned by the bankrupt and that the payment of this claim, although within four months preceding the filing of the Debtor's Petition, was a valid and proper preference not subject to attack by the trustee.

However, Referee Dixon further found that certain property, not covered by any security agreement, was also sold at the public sale, yielding $476.79. The United States was ordered to refund said sum to the trustee. This portion of the referee's order is alleged to be erroneous.

The United States bases its contention on the following facts. Its claim was for $8,907.84 and has been satisfied in full. However, the sale—after expenses and commissions—yielded $11,071.22. After satisfaction of the government's claim, the balance, $2,163.38, was paid as follows:

(a) $36.70, apparently for veterinary services;

(b) $1,952.62 to four other creditors claiming to be secured creditors, but in all events, holding claims junior to that of the United States; and

(c) $210.76 to the bankrupt.

Eliminating the $476.79 from the proceeds, there was still a fund of $10,594.-43 out of which the United States was lawfully entitled to satisfy its $8,907.84 claim. Accordingly, the United States submits that it received no part of the questioned $476.79 and that such monies were included in the funds distributed to the four creditors and the bankrupt.

On the state of the record before us, we must agree with the government's contention. Admittedly, its claim was entitled to priority and was fully satisfied out of funds derived from property covered by its security agreement. Moreover, it appears to the court that, pursuant to orders dated July 2 and December 17, 1964, the $1,952.62 paid to the four other creditors was turned over to the trustee. The $210.76 paid to the bankrupt apparently was expended by him inasmuch as he lists no cash among his assets. We conclude, therefore, that so much of the questioned $476.79 as would be available to general creditors has already been turned over to the trustee. Had the property which was not covered by the security agreement remained with the bankrupt instead of being sold, the excess given to the four creditors would have been reduced by $266.03 (and the bankrupt would have received nothing instead of $210.76). When the four creditors paid back the full $1,952.62, they were paying back what was received on account of the sale of the secured property and what was received on account of the unsecured property as well. The trustee's claim (and the other creditors' rights) has thus been satisfied entirely.

In light of the foregoing, that portion of the referee's order of March 11, 1965 which directs the United States to refund $476.79 to the trustee appears to be erroneous. An appropriate order will enter.